## In the Matter of Emil J. BECKER, Jr.

### No. 82S00–0005–DI–318.

Supreme Court of Indiana.

Feb. 28, 2001.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** The respondent retained a criminal cash bond refund belonging to his client's daughter. In response to the daughter's grievance to the Disciplinary Commission, the respondent lied to the Commission by claiming that his client signed the daughter's name to the cash bond refund check when, in fact, the respondent signed the daughter's name.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.15(b), which provides that upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person and promptly deliver to the client or third person any funds or other property the client or third person is entitled to receive. He violated Prof.Cond.R. 8.1(a), which provides that a lawyer in connection with a disciplinary matter shall not knowingly make a false statement of material fact. He violated Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation.

**Discipline:** This Court approves the agreed discipline and ORDERS that the respondent be suspended from the practice of law for a period of four (4) months, beginning March 5, 2001, with automatic reinstatement thereafter.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and SULLIVAN and RUCKER, JJ., concur.

DICKSON and BOEHM, JJ., dissent, believing the sanction to be insufficiently severe.